UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENESTHER TAYLOR, | No. 2:13-cv-2336 MCE DAD PS |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, OFFICE OF TECHNOLOGY SERVICES, et al., | |
| Defendants. | |

    Plaintiff Genesther Taylor is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    Plaintiff has submitted an in forma pauperis application that make the showing required by 28 U.S.C. § 1915(a)(1). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

    The determination that plaintiff may proceed in forma pauperis does not complete the inquiry required by the statutes. The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it

1  lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin
2  v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a
3  complaint as frivolous where it is based on an indisputably meritless legal theory or where the
4  factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

5        To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
6  state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
7  570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as
8  true the material allegations in the complaint and construes the allegations in the light most
9  favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
10 Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
11 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
12 lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true
13 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western
14 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

15       The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

19 FED. R. CIV. P. 8(a).

20       Here, it appears from reading plaintiff's complaint that the only allegation therein that
21 would provide a basis for this court's jurisdiction is the complaint's claim that she was subjected
22 to unlawful discrimination.  In this regard, plaintiff alleges that the defendants discriminated
23 against plaintiff on the basis of her race resulting in the termination of plaintiff's employment.
24 (Compl. (Dkt. No. 1) at 11.)  Plaintiff cites to Title VII of the Civil Rights Act of 1964.  (Id.)

25       "Discrimination claims under Title VII ordinarily must be filed with the EEOC within 180
26 days of the date on which the alleged discriminatory practice occurred."  Laquaglia v. Rio Hotel
27 & Casino, Inc., 186 F.3d 1172, 1174 (9th Cir. 1999) (citing 42 U.S.C. § 2000e-5(e)(1)).
28 "However, if the claimant first 'institutes proceedings' with a state agency that enforces its own

1  discrimination laws-a so-called 'deferral' state-then the period for filing claims with the EEOC is

2  extended to 300 days." Id. (citations omitted). California is a deferral state. Josephs v. Pac. Bell,

3  443 F.3d 1050, 1054 (9th Cir. 2006).

> If the EEOC dismisses the charge, a claimant has ninety days to file a civil action. 42 U.S.C. § 2000e-5(f)(1). This ninety-day period is a statute of limitations. Scholar v. Pacific Bell, 963 F.2d 264, 266-67 (9th Cir.1992). Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is barred. Id. at 267.

Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 383 (9th Cir. 1997). See also Payan v. Aramark Management Services Ltd. Partnership, 495 F.3d 1119, 1121 (9th Cir. 2007) ("If a litigant does not file suit within ninety days of the date EEOC dismisses a claim then the action is time-barred.").

Here, the complaint alleges that the discrimination at issue occurred no later than 2007, that plaintiff timely filed a complaint with the California Department of Fair Employment and Housing, the California agency that enforces its discrimination laws, on July 12, 2007, and that plaintiff received a right-to-sue letter back on August 16, 2007. (Compl. (Dkt. No. 1) at 2, 11.) Plaintiff has also attached to her complaint a copy of a California Department of Fair Employment and Housing complaint form dated May 30, 2007. (Id. at 23.) It appears from the face of the complaint that plaintiff did not file this action until many years after the ninety-day period to timely file suit had passed and that, therefore, this action is time-barred.

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" Von Saher, 592 F.3d at 969 (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir.1995)). See also Cervantes v. City of San Diego, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper,

/////

so long as plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling).

Here, in light of plaintiff's pro se status and the nature of the complaint's deficiency, plaintiff will be granted an opportunity to amend her complaint.  Plaintiff's complaint will therefore be dismissed with leave granted to file an amended complaint.  If plaintiff elects to file an amended complaint, plaintiff shall address the timeliness of this action therein as well as the applicability of any tolling.

Moreover, plaintiff is cautioned that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  The amended complaint will supersede the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in any amended complaint plaintiff may elect to file, just as if it were the initial complaint filed in the case, each defendant

must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Any amended complaint filed by plaintiff must include concise but complete factual allegations describing the conduct and events which underlie her claims.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 12, 2013, application to proceed in forma pauperis (Dkt. No. 2) is granted.

2. The complaint filed November 12, 2013 (Dkt. No. 1) is dismissed with leave to amend.

3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."[1]

4. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  March 28, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\taylor2336.ifp.lta.ord.docx

---

[1] Alternatively, if plaintiff no longer wishes to pursue this action, plaintiff may file a notice of voluntary dismissal without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.