UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENESTHER TAYLOR,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, OFFICE OF TECHNOLOGY SERVICES, et al.,<br><br>  Defendants. | No. 2:13-cv-2336 MCE DAD PS<br><br>ORDER DIRECTING CLERK TO SEND MATERIALS FOR SERVICE, AND REQUIRING SERVICE BY UNITED STATES MARSHAL |

Plaintiff Genesther Taylor is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff commenced this action on November 12, 2013 by filing a complaint, (Dkt. No. 1), and a request to proceed in forma pauperis. (Dkt. No. 2.) On March 28, 2014, the undersigned issued an order granting plaintiff's motion to proceed in forma pauperis and dismissing plaintiff's complaint with leave to amend. (Dkt. No. 4.) On April 25, 2014, plaintiff filed a first amended complaint. (Dkt. No. 5.) Plaintiff then filed a second amended complaint on July 8, 2014.[1] (Dkt. No. 6.)

As was true of the original complaint, the only allegations found in the second amended complaint that would appear to provide a basis for this court's original jurisdiction are the second

---

[1] The second amended complaint is incorrectly captioned as the third amended complaint.

1

amended complaint's claims arising under Title VII.  (Sec. Am. Compl. (Dkt. No. 6) at 20-26.)

As the court previously advised plaintiff in dismissing her original compliant with leave to amend, "[d]iscrimination claims under Title VII ordinarily must be filed with the EEOC within 180 days of the date on which the alleged discriminatory practice occurred." Laquaglia v. Rio Hotel & Casino, Inc., 186 F.3d 1172, 1174 (9th Cir. 1999) (citing 42 U.S.C. § 2000e-5(e)(1)). "However, if the claimant first 'institutes proceedings' with a state agency that enforces its own discrimination laws-a so-called 'deferral' state-then the period for filing claims with the EEOC is extended to 300 days." Id. (citations omitted).  California is a deferral state. Josephs v. Pac. Bell, 443 F.3d 1050, 1054 (9th Cir. 2006).

> If the EEOC dismisses the charge, a claimant has ninety days to file a civil action.  42 U.S.C. § 2000e-5(f)(1).  This ninety-day period is a statute of limitations.  Scholar v. Pacific Bell, 963 F.2d 264, 266-67 (9th Cir. 1992).  Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is barred.  Id. at 267.

Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 383 (9th Cir. 1997).  See also Payan v. Aramark Management Services Ltd. Partnership, 495 F.3d 1119, 1121 (9th Cir. 2007) ("If a litigant does not file suit within ninety days of the date EEOC dismisses a claim then the action is time-barred.").

Here, consistent with the allegations found in the original complaint, plaintiff's second amended complaint alleges that the discrimination at issue occurred no later than November 1, 2006, when plaintiff's employment was terminated, that plaintiff timely filed a complaint with the California Department of Fair Employment and Housing, the California agency that enforces its discrimination laws, on July 12, 2007, and that plaintiff received her right-to-sue letter on August 16, 2007.  (Sec. Am. Compl. (Dkt. No. 6) at 14-15.)  In this regard, it appears that plaintiff has brought this action several years after the expiration of the applicable ninety-day period in which she was allowed to file this civil action.

Moreover, in dismissing the original complaint with leave to amended, the court directed plaintiff to "address the timeliness of this action . . . as well as the applicability of any tolling" in her amended complaint.  (Dkt. No. 4 at 4.)  There are, however, no allegations found in the second amended complaint addressing the timeliness of this action or the applicability of any

1  tolling.  Indeed, there are no factual allegations found in the second amended complaint dating
2  past August 16, 2007.
3        Thus, it appears that the second amended complaint's Title VII claims are barred by the
4  statute of limitations and are subject to dismissal.  See Von Saher v. Norton Simon Museum of
5  Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) ("A claim may be dismissed for failing to state
6  a claim on the ground that it is barred by the applicable statute of limitations only when the
7  running of the statute is apparent on the face of the complaint."); Cervantes v. City of San Diego,
8  5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent
9  on the face of a complaint, dismissal for failure to state a claim is proper, so long as plaintiff is
10 provided an opportunity to amend in order to allege facts which, if proved, might support tolling).
11       However, that a claim is barred by the statute of limitations is an affirmative defense, not
12 a jurisdictional issue that the court can raise sua sponte.  Payan, 495 F.3d at 1122 ("Payan is
13 correct that because the statute of limitations is an affirmative defense, the defendant bears the
14 burden of proving that the plaintiff filed beyond the limitations period."); Wyatt v. Terhune, 315
15 F.3d 1108, 1117-18 (9th Cir. 2003) ("[I]t is well-settled that statutes of limitations are affirmative
16 defenses, not pleading requirements."); Tovar v. U.S.P.S., 3 F.3d 1271, 1284 (9th Cir. 1993) ("In
17 every civil case, the defendant bears the burden of proof as to each element of an affirmative
18 defense."); Krug v. Imbordino, 896 F.2d 395, 396 (9th Cir. 1990) (noting court previously
19 reversed district court for premature dismissal as barred by statute of limitations and "explained
20 that the statute of limitations was not jurisdictional, but rather an affirmative defense").  See also
21 Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995) (complaint cannot be
22 dismissed for failure to state a claim based on statute of limitations grounds "unless it appears
23 beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the
24 claim").
25       Accordingly, it appears that the court is compelled to order of process on the lone
26 defendant named in this second amended complaint, the State of California Department of
27 /////
28 /////

Technology Services.² See In re MyFord Touch Consumer Litigation, No. C-13-3072 EMC, 2014 WL 2451291, at *11 (N.D. Cal. May 30, 2014) ("Statute of limitations is, of course, an affirmative defense that a plaintiff has no obligation to plead around in his or her complaint."); Gaines v. County of Los Angeles, No. CV 14-1509-TJH (JPR), 2014 WL 2042243, at *2 (C.D. Cal. May 16, 2014) (screening order noting "[i]t appears that at least some of Plaintiff's claims may be barred by the applicable statute of limitations, but that is an affirmative defense to be raised by Defendants"); Vasquez v. Rubalcava, No. SACV 11-1968-DSF (JPR), 2012 WL 760860, at *4 (C.D. Cal. Mar. 7, 2012) ("The statute of limitations is not jurisdictional; it must be raised as an affirmative defense.  Thus, the Court will not at this time dismiss the FAC on that basis.  It appears, however, that litigation of Plaintiff's action would likely be fruitless because Defendants would successfully move to dismiss on the ground that the action is time barred."); Kevakian v. Kennedy, No. C 94-20382 JW, 1995 WL 7938, at *16 (N.D. Cal. Jan. 6, 1995) ("The court does not decide, at this point, whether a claim is time-barred because the statute of limitations is an affirmative defense which the court may not consider sua sponte."); Agha v. Department of Army, No. C 93-2874 SBA, 1994 WL 245943, *3 (N.D. Cal. May 27, 1994) (noting that although the court "expressed concerns that plaintiff's claims were time-barred" the court ordered service of the complaint on the defendant).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue process and to send plaintiff an instruction sheet for service of process by the United States Marshal, one USM-285 forms, a summons form, and an endorsed copy of plaintiff's second amended complaint filed July 8, 2014. (Dkt. No. 6).

2. Within thirty (30) days after this order is served, plaintiff shall submit to the United States Marshal one properly completed USM-285 forms, one properly completed summons forms, and the number of copies of the endorsed complaint and of this order required by the United States Marshal; the required documents shall be submitted directly to the United

---

² Alternatively, plaintiff may elect voluntarily dismiss this action without prejudice by filing a simple notice to that effect.

1 | States Marshal either by personal delivery or by mail to:  United States Marshals Service, 501 I
2 | Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).
3 |     3. Within ten (10) days after submitting the required materials to the United States
4 | Marshals Service, plaintiff shall file with this court a declaration stating the date on which she
5 | submitted the required documents to the United States Marshal.  Failure to file the declaration in a
6 | timely manner may result in an order imposing appropriate sanctions.
7 |     4. Within thirty (30) days after receiving the necessary materials from plaintiff,
8 | the United States Marshal is directed to serve process on defendant the State of California
9 | Department of Technology Services without prepayment of costs.
10 |     5. The Clerk of the Court is directed to serve a copy of this order on the United
11 | States Marshal.
12 | Dated:  August 18, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\taylor2336.serve.ord.docx