UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENESTHER TAYLOR, | No. 2:13-cv-2336 MCE DAD PS |
| Plaintiff, | |
| v. | ORDER AND <u>FINDINGS & RECOMMENDATIONS</u> |
| STATE OF CALIFORNIA, OFFICE OF TECHNOLOGY SERVICES, et al., | |
| Defendants. | |

Plaintiff, Genesther Taylor, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The action came before the court on December 19, 2014, for hearing of defendant's motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Rule"). Attorney Kenneth Jones appeared telephonically on behalf of the defendant and plaintiff Genesther Taylor appeared in person on her own behalf. Argument was heard and defendant's motion was taken under submission.

For the reasons set forth below, the undersigned will recommend that defendant's motion to dismiss be granted in part.

/////

/////

1

PROCEDURAL BACKGROUND

Plaintiff commenced this action on November 12, 2013, by filing a complaint and a request to proceed in forma pauperis. (Dkt. Nos. 1 & 2.) On March 28, 2014, the undersigned issued an order granting plaintiff's motion to proceed in forma pauperis and dismissing plaintiff's complaint with leave to amend. (Dkt. No. 4.) In that order, the undersigned noted that it appeared that this action may be barred by the applicable statute of limitations and directed plaintiff to address the timeliness issue as well as the applicability of any tolling in any amended complaint. (Id. at 4.) On April 25, 2014, plaintiff filed a first amended complaint. (Dkt. No. 5.) Plaintiff then filed a second amended complaint on July 8, 2014.[1] (Dkt. No. 6.)

In her second amended complaint, plaintiff alleges that from August of 1980 until November 1, 2006, plaintiff was employed by the defendant, the California Department of Technology Services. (Sec. Am. Compl. (Dkt. No. 6) at 2.) On or about November 17, 1999, plaintiff "contacted Cal-OSHA and reported" that plaintiff and a number of her co-workers became ill as a result of "an odor coming from the COM room." (Id. at 5-6.) "Cal OSHA came out and did an investigation, found numerous violations and cited" the defendant. (Id. at 6.)

Thereafter, and until her dismissal in 2006, plaintiff "endured harassment from employees and management," which plaintiff has recounted throughout her second amended complaint. (Id. at 7.) Based on these allegations, the second amended complaint asserts causes of action for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, ("Title VII"), as well as state law causes of action for wrongful termination, breach of employment contract, the negligent infliction of emotional distress, the intentional infliction of emotional distress and defamation.

On August 18, 2014, the undersigned issued an order directing service of plaintiff's second amended complaint on the defendant. (Dkt. No. 7.) On November 6, 2014, defendant filed the motion to dismiss now pending before the court. (Dkt. No. 9.) Plaintiff filed an
/////

---

[1] The second amended complaint is incorrectly captioned as a third amended complaint.

opposition on December 11, 2014, (Dkt. No. 17), and defendant filed a reply on December 12, 2014.[2]  (Dkt. No. 19.)

## STANDARDS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. See also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

---

[2] Plaintiff has filed multiple "motions" with the court that have not been noticed for hearing, such as her November 24, 2014 "motion for clarification." (Dkt. No. 13.) Those motions will be denied without prejudice in light of these findings and recommendations.

facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

The only allegations found in the second amended complaint that provide a basis for this court's original jurisdiction are with respect to the second amended complaint's claims arising under Title VII. (Sec. Am. Compl. (Dkt. No. 6) at 20-26.) Defendant's motion seeks dismissal of those claims on the grounds that plaintiff did not timely file this action.[3] (Def.'s MTD (Dkt. No. 9-1) at 16.)

"Discrimination claims under Title VII ordinarily must be filed with the EEOC within 180 days of the date on which the alleged discriminatory practice occurred." Laquaglia v. Rio Hotel & Casino, Inc., 186 F.3d 1172, 1174 (9th Cir. 1999) (citing 42 U.S.C. § 2000e-5(e)(1)). "However, if the claimant first 'institutes proceedings' with a state agency that enforces its own discrimination laws - a so-called 'deferral' state - then the period for filing claims with the EEOC is extended to 300 days." Id. (citations omitted). California is a deferral state. Josephs v. Pac. Bell, 443 F.3d 1050, 1054 (9th Cir. 2006).

> If the EEOC dismisses the charge, a claimant has ninety days to file a civil action. 42 U.S.C. § 2000e-5(f)(1). This ninety-day period is a statute of limitations. Scholar v. Pacific Bell, 963 F.2d 264, 266-67 (9th Cir. 1992). Therefore, if a claimant fails to file the civil action within the ninety-day period, the action is barred. Id. at 267.

---

[3] In her opposition to the pending motion to dismiss, plaintiff asserts that "[t]his matter has been continuing since the initial filing in 2007 with DFEH and EEOC," (Pl.'s Opp.'n (Dkt. No. 17) at 2), and that from "2008 through 2012" she attempted to prosecute this action but that the state superior court "did not allow for plaintiff to have proper hearings, notices, or to do cross examinations." (Id. at 4.)

4

Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 383 (9th Cir. 1997). See also Payan v. Aramark Management Services Ltd. Partnership, 495 F.3d 1119, 1121 (9th Cir. 2007) ("If a litigant does not file suit within ninety days of the date EEOC dismisses a claim then the action is time-barred.").

Here, in her second amended complaint plaintiff alleges that the discrimination at issue occurred no later than November 1, 2006, when plaintiff's employment was terminated. (Sec. Am. Compl. (Dkt. No. 6) at 2.) Plaintiff also alleges that on July 12, 2007, she timely filed a complaint with the California Department of Fair Employment and Housing, the California agency that enforces its discrimination laws, and that she received her right-to-sue letter on August 16, 2007. (Id. at 15.) Thus, plaintiff has brought this federal action several years after the expiration of the applicable ninety-day period in which she was allowed to file suit.

The second amended complaint's Title VII claims, therefore, are barred by the statute of limitations and are subject to dismissal. See Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) ("A claim may be dismissed for failing to state a claim on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint."); Cervantes v. City of San Diego, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling).[4]

Accordingly, the undersigned finds that defendant's motion to dismiss the second amended complaint's Title VII claims should be granted.

## LEAVE TO AMEND

For the reasons stated above, the undersigned has found that the second amended complaint's claims that provide the purported basis for the court's subject matter jurisdiction over this action should be dismiss. The undersigned has carefully considered whether plaintiff could

---

[4] As noted above, the undersigned provided plaintiff an opportunity to amend in order to allege facts that might support tolling of the applicable statute of limitations. Plaintiff, however, has not yet alleged such facts.

further amend the complaint to state a timely claim over upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the untimely nature of this action and plaintiff's inability to successfully amend the complaint, the undersigned finds that granting further leave to amend would be futile.

## SUPPLEMENTAL JURISDICTION

As noted above, in addition to the federal cause of action addressed above, plaintiff's second amended complaint asserts a number of state law causes of action. A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity. Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)). See also Satey v. JP Morgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing this principle but noting that dismissal of the remaining state law claims is not mandatory).

Of course, "primary responsibility for developing and applying state law rests with the state courts." Curiel v. Barclays Capital Real Estate Inc., Civ. No. S-09-3074 FCD KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010). Here, consideration of judicial economy, fairness, convenience, and comity all point toward declining to exercise supplemental jurisdiction. Therefore, the undersigned will also recommend that the assigned District Judge decline to exercise supplemental jurisdiction over the second amended complaint's state law claims.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 24, 2014 motion for clarification (Dkt. No. 13) is denied without prejudice;

2. Plaintiff's November 25, 2014 motion for clarification (Dkt. No. 14) is denied without prejudice; and

3. Plaintiff's December 11, 2014 motion to vacate (Dkt. No. 18) is denied without prejudice.

IT IS ALSO RECOMMENDED that:

1. Defendant's November 6, 2014 motion to dismiss (Dkt. No. 9) be granted in part;

2. The second amended complaint's claims brought pursuant to Title VII be dismissed without leave to amend;

3. The court decline to exercise supplemental jurisdiction over the second amended complaint's various state law claims; and

4. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 17, 2015

DAD:6
Ddad1\orders.pro se\taylor2336.mtd.f&rs.docx

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE